**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4746**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT EARL LOWRY,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (2:02-cr-00013-F)

Submitted:  April 30, 2009          Decided:  May 26, 2009

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kelly L. Greene, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Earl Lowry appeals the 228-month sentence imposed by the district court after his case was remanded for a third sentencing hearing. Lowry contends that the district court erred by denying him a jury trial to determine the amount of crack for which he was responsible; that the evidence was insufficient to support a finding of 125.4 grams of crack; and that the sentence was unreasonable in light of Kimbrough v. United States, 128 S. Ct. 558 (2007), and the 2007 crack amendments to the guidelines. Although the first two issues are meritless, we vacate Lowry's sentence and remand for resentencing in light of Kimbrough.

Appellate review of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appeals court must ensure that the district court committed no significant procedural error and that the sentence is substantively reasonable. Gall, 128 S. Ct. at 597. Here, Lowry correctly acknowledges that there is no right to the empanelling of a jury to determine relevant conduct for sentencing purposes. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as

2

advisory and falls within the statutory maximum authorized by the jury's verdict"), cert. denied, 129 S. Ct. 950 (2009). Moreover, the district court's determination that Lowry was responsible for 125.4 grams of crack was not clearly erroneous. United States v. Fullilove, 388 F.3d 104, 106 (4th Cir. 2004) (stating standard of review). The district court reviewed the relevant trial testimony. Although the investigator did not testify, the record reveals that defense counsel cross-examined him concerning the drug amount both at Lowry's trial and at his first sentencing hearing in 2003.

After Lowry was sentenced, the crack guidelines were amended to lower the offense levels for crack offenses and the Supreme Court held, in Kimbrough, that sentencing courts may consider the sentencing disparity between crack and cocaine offenses in deciding whether to impose a sentence below the advisory guideline range. 128 S. Ct. at 564. The 2007 amendments to the guidelines for crack offenses do not render Lowry's sentence unreasonable. He may seek retroactive application of Amendment 706 to his sentence by applying to the district court for relief under 18 U.S.C. § 3582(c)(2) (2000). See United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008) (declining to remand for resentencing in order for defendant to pursue relief in district court under Amendment 706).

Lowry also contends that his sentence is unreasonable because the district court failed to consider the disparity as a permissible ground for a sentence below the guideline range. The government asserts that this claim must be reviewed for plain error because Lowry did not request a variance on this ground in the district court. However, we are satisfied that Lowry preserved the issue for appeal. In his sentencing memorandum, Lowry argued that the crack/cocaine sentencing disparity was a factor that justified a sentence below the guideline range pursuant to 18 U.S.C. § 3553(a) (2006), and that the proposed guideline amendments for crack offenses were insufficient to rectify the disparity. Although the court's response at sentencing was not clearly expressed, and defense counsel did not argue the issue further, Lowry raised the issue with sufficient precision to preserve it for appeal.

Because the issue was preserved, the government has the burden of showing that the error was harmless. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). The government has not identified any comment by the district court that indicates that it would have imposed the same sentence had Kimbrough been decided before Lowry's sentence was imposed. Therefore, Lowry is entitled to another sentencing hearing at which the district court may reconsider the sentence in light of Kimbrough.

4

Accordingly, we vacate the sentence imposed by the district court, and remand for resentencing in light of <u>Kimbrough</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>